{¶ 99} I concur in the majority's disposition of cross-appellant's first assignment of error. I write separately on this assignment to state I do not interpret this Court's opinion in Dorton requires the trial court discuss or state its reasons for its ruling on an objection. I further note the trial court expressly overruled all other objections it did not otherwise address in modifying the magistrate's recommendation at no. 25 of its February 6, 2006 Judgment Entry/ Decree of Divorce.
 {¶ 100} As to the majority's disposition of cross-appellant's second assignment of error, I concur in part and dissent in part. Upon review of the magistrate's 38 page decision, a number of questions remain unanswered concerning the parties' involvement with Eagles Nest Ranch and Providence Acquisitions, LLC. Cross-appellant asserts the trial court "skewed badly" the marital balance sheet, in essence awarding cross-appellant all the debts and economic risks the family faced, with no benefit to him (Cross-appellant's Brief at p. 11). Cross-appellant asserts the net effect is cross-appellant acquired a debt of $2,262,531.39, whereas cross-appellee acquired asserts worth $247,546.25 (Cross-appellant's Brief at p. 11). Cross-appellant fails to elaborate or specify his reasons why the trial court's disposition of Providence Acquisitions, LLC was flawed and fails to make specific reference to those parts of the record where the magistrate/trial court went wrong with regard thereto. Although my review of the Magistrates Decision raises many concerns as to the treatment of the parties' rights and obligations with respect to this failed venture, I find cross-appellant's conclusory allegation of inequitable division of assets resulting therefrom insufficient under App. R. 16(A)(7) to merit further review by this Court. *Page 18 
 {¶ 101} Next, cross-appellant specifically contends the Stanley AVP Plan awarded to cross-appellee was undervalued by approximately $23,000. Again, cross-appellant fails to reference where in the record such undervaluation is established. Cross-appellant fails to acknowledge the trial court did value the Stanley Supplement Account Value Plan awarded to cross-appellee at $18,630.21, which brings the total award to wife of the Stanley plan(s) within the approximate range cross-appellant avers the trial court failed to do.
 {¶ 102} Cross-appellant also specifically challenges the trial court's disposition of the marital residence as being inequitable because it ordered any proceeds from its sale be split equally, yet ordered any and all remaining liability assessed to cross-appellant if the sale resulted in a deficiency. I find such disposition to be inconsistent and inequitable in the absence of a proffered explanation for doing so, and would sustain cross-appellant's assignment of error as it relates to the disposition of the martial residence.
 {¶ 103} The last issue cross-appellant raises regarding the division of marital property concerns the trial court's valuation (or lack thereof) of the household goods. While cross-appellant references the record where he agreed not to seek a future division of tangible personal property if he received a modest amount, yet claims he received nothing, appellant fails to reference where in the record an unfair valuation and/or division occurred. Again, such a conclusory allegation does not comply with App. R. 16 (A)(7). Accordingly, I would overrule this portion of his assigned error.
 {¶ 104} I concur in the majority's analysis and disposition of cross-appellant's third assignment of error. *Page 19 
 {¶ 105} I concur in judgment only with the majority's disposition of cross-appellant's fourth, fifth and sixth assignments of error. *Page 1